WENTWORTH, Judge.
By this appeal from a workers’ compensation order claimant asserts error in the deputy’s determinations as to underpayment of temporary disability compensation, amount of average weekly wage, date of maximum medical improvement, and denial of an attorney’s fee. We affirm.
The critical issues between the parties are concerned with alleged untimeliness of appellee’s payment of permanent disability compensation on June 18, 1979. The disputed wage issue was then conceded and permanent disability compensation paid, within 21 days after a medical report of May 31, 1979. That report noted that the date of maximum medical improvement was September 20, 1978, and fixed a 10% *199 impairment rating at the time of the report. The record does not reflect earlier availability of any other basis for final medical assessment of permanency after maximum medical improvement, and the March 1979 claim for such benefits did not supply the deficiency. In those circumstances the fact that wage computation was disputed, and permanent disability compensation was delayed after the point ultimately established for maximum medical improvement, does not require the award of fees. The deputy could properly conclude that delayed payment of benefits was not attributable to that dispute or other employer/earrier fault.
Although temporary disability benefits had been paid at an incorrect rate from April 16, 1978, until October 28, 1978, the amount of the accrued deficiency on September 20, 1978, appears to have been amply corrected by the continued payment of temporary disability compensation for the following weeks until October 28, for which period compensation of that class would not, according to this record, be due. No issue is presented as to computation of permanent benefits paid retroactively according to stipulation of the parties, and the record does not support appellant’s contention that there was resistance or delinquency in payment of medical bills so as to require award of an attorney’s fee.
The order appealed is affirmed.
ROBERT P. SMITH, C. J., and MILLS, J., concur.